UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL SMITH,

                              Plaintiff,

v.                                              Civil Action No.

GENSER DUBOW GENSER & CONA LLP,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Carl Smith, is a natural person residing in Gaffney, South Carolina and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Genser Dubow Genser & Cona LLP ("Genser"), is a corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

10. That Plaintiff's mother allegedly incurred a medical debt to Premier Genesee Center for Nursing Rehabilitation ("Premier"). This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That upon information and belief Defendant was employed by Premier to collect on the subject debt.

13. On or about January 12, 2018, Defendant, on behalf of Premier, filed a summons with notice against the Plaintiff and his mother in the Supreme Court of New York Genesee County alleging that they were responsible for the alleged subject debt.

14. That said summons with notice was served on Plaintiff by affixing a copy of same to 8300 Lewiston Road, Batavia New York 1402 on February 1, 2018 and then mailing a copy of the summons and notice to the same address on February 5, 2018.

15. That Plaintiff does not reside at 8300 Lewiston Road, Batavia New York 14020.

16. That Plaintiff, at the time the summons with notice was filed with the Genesee County Clerk's Office, the Plaintiff resided in Gaffney, South Carolina.

17. That Plaintiff, at the time the summons with notice served at 8300 Lewiston Road, Batavia New York 14020, resided in Gaffney South Carolina.

18. That a notice of appearance and demand for complaint was filed on behalf of Plaintiff and his mother on February 20, 2018 with the Genesee County Clerk's Office by the Law Office of Kenneth Hiller PLLC.

19. That Defendant served a copy of the verified complaint on Plaintiff's attorneys on or about March 6, 2018.

20. That on or about April 19, 2018, the Plaintiff through his attorneys, the Law Offices of Kenneth Hiller PLLC, filed a verified answer with the Genesee County Clerk's Office.

21. That Plaintiff never agreed to be responsible for any medical debt of her mother.

22. That Plaintiff never entered into any agreement with Defendant's client, Premier.

23. That Plaintiff, at the time the lawsuit was filed by the Defendant on behalf of Premier, did not reside in New York and presently does not reside in New York.

24. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C.§§1692i by filing a state-court collection lawsuit, on behalf of Premier, in New York State against the Plaintiff, when Plaintiff had never signed any contract with Premier and when he resided in Gaffney South Carolina, at the time of the commencement of the New York State action. Defendant filed said lawsuit in the incorrect judicial district and in a court that has does not have jurisdiction over the Plaintiff.

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against the Defendant for:

   (a)  Actual damages;

   (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demand trial by jury in this action.

Dated: November 28, 2018

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

4